UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A No. _____

_____
                                                         )
JOHN P. DiGIOVANNI,                    )
AS TRUSTEE OF THE                    )
45 BRATTLE STREET REALTY     )
TRUST,                                             )
                                                         )
    Plaintiff                              )
                                                         )
    v.                                       )
                                                          )
GORIN BROS., INC.,                     )
                                                          )
    Defendant.                           )
_____)

## COMPLAINT

*Introduction*

This is a basic collection case in which a commercial tenant, Goorin Bros., Inc. ("Goorin"), simply stopped paying its rent, abandoned its storefront, and left its long-time landlord, 45 Brattle Street Realty Trust ("45 Brattle"), short nearly $200,000 in back and future rent. 45 Brattle now seeks to collect these sums, along with the other fees and expenses that are due under the parties' retail lease agreement.

*Parties*

1. Plaintiff John P. DiGiovanni is the sole trustee of 45 Brattle Street Realty Trust, a Massachusetts nominee trust that owns real estate in Harvard Square.

1

2.  Defendant Goorin Bros., Inc. is a California corporation with headquarters in San Francisco, California. Goorin is licensed to conduct business in the Commonwealth.

*Jurisdiction*

3.  45 Brattle is a Massachusetts nominee trust. Its sole trustee is John P. DiGiovanni. Mr. DiGiovanni is a citizen of Massachusetts.

4.  Goorin is a corporation organized under the laws of California. Its principal place of business also is in California.

5.  Accordingly, this Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332.

*Facts*

6.  On June 27, 2011, 45 Brattle and Goorin entered into a Retail Lease agreement ("the Retail Lease") under which 45 Brattle leased Goorin retail space at 43-47 Brattle Street and 60-66 Church Street, Unit 4A-102 in Cambridge ("the Premises"). A true and accurate copy of the Retail Lease is attached hereto as Exhibit 1.

7.  The initial term of the Retail Lease ran approximately five years – from June 30, 2011 until August 31, 2016 – during which Goorin was obligated to pay monthly installments of rent, plus an agreed share of property taxes and other expenses.

8.  Goorin successfully operated a retail apparel business on the Premises during the initial five-year term of the Retail Lease.

9. In 2016, the parties agreed to extend the Retail Lease an additional five years, through August 31, 2021. Other than modifying the monthly rent over the five-year extension, the 2016 amendment reaffirmed all other material terms of the Retail Lease.

10. In April 2020 – at the height of the COVID-19 pandemic in Massachusetts – Goorin stopped paying its monthly rent, property taxes, and other fees.

11. Recognizing that Goorin and other retail establishments had experienced significant business contractions because of COVID-19, 45 Brattle approached Goorin to see if short-term accommodations could keep Goorin in business. Goorin declined to consider any accommodations.

12. Goorin paid no rent for the months of April, May, June, or July 2020.

13. On July 2, 2020 – having received no rent for the prior four months – 45 Brattle issued Goorin a written notice of default. A true and accurate copy of the notice of default is attached as Exhibit 2. The notice informed Goorin that it owed $51,778.49 in back rent. Goorin did not respond to the notice of default letter.

14. On July 22, 2020, 45 Brattle terminated the Retail Lease by written letter to Goorin. A true and accurate copy of the notice of termination is attached as Exhibit 3. In the notice of termination, 45 Brattle demanded that Goorin pay all back and future amounts due under the Retail Lease. Specifically, these amounts included back rent of $51,778.49, along with liquidated damages, payable in monthly installments, for all future rent due through the end of the Retail Lease. As

security for Goorin's liquidated damages obligation, pursuant to ¶ 17 of the Retail Lease, 45 Brattle further demanded that Goorin immediately deposit into escrow a payment equal to 50% of the aggregate of all future rent due under the Retail Lease.

15. On August 12, 2020, Goorin informed 45 Brattle that it intended to "surrender" the Premises, effective immediately.

16. Other than making a payment of $11,500 on August 10, 2020 and applying its $17,000 security deposit against its outstanding balance, Goorin has made no attempt to satisfy its financial obligations under the Retail Lease.

17. In total, Goorin will owe $200,526.05 to 45 Brattle for back and future rent, property taxes, and other expenses through the end of the Retail Lease. Of this amount, $52.662.73 is now due immediately for back rent, property taxes, and other expenses (including 45 Brattle's attorneys' fees). Pursuant to the terms of the Retail Lease, an additional $73,931.66 must be deposited into escrow immediately as security for Goorin's unpaid future rent.

<u>Count I – Breach of Contract</u>

18. 45 Brattle repeats and realleges the allegations of paragraphs 1-17 of the Complaint as if set forth fully herein.

19. 45 Brattle and Goorin were parties to a valid and enforceable Retail Lease agreement, as amended.

20. Under the terms of the Retail Lease, Goorin was required to pay rent, property taxes, and expenses in monthly installments.

21. With the exception of the sums described in paragraph 16 above, Goorin has failed to pay any rent, property taxes, or expenses for the months of April, May, June, July, August, and September 2020.

22. Because Goorin defaulted in the payment of rent, 45 Brattle properly sent Goorin a notice of default, as required under the Retail Lease.

23. When Goorin failed to cure its default, 45 Brattle properly terminated the Retail Lease.

24. As liquidated damages for its default, Goorin is required to pay 45 Brattle monthly installments equal to the rent, property taxes, and expenses due through the unexpired term of the Retail Lease (i.e., through August 31, 2021).

25. Goorin has failed to make any payment towards its liquidated damages obligation.

26. Goorin also is required to pay $73,931.66 into escrow as security for its liquidated damages obligation. Goorin has failed to do so.

27. The foregoing failures by Goorin are breaches of the Retail Lease.

28. Because of Goorin's breaches of the Retail Lease, 45 Brattle has suffered monetary damages in an amount to be determined at trial, but which are expected to exceed $200,000.

WHEREFORE, 45 Brattle demands the following relief:

a. An award of money damages for all rent, property taxes, and expenses, including attorneys' fees, due under the terms of the Retail Lease;

b. An order requiring Goorin to immediately deposit $73,931.66 into escrow as security for its liquidated damages obligation; and

c. Any other relief the Court deems just and proper.

        45 Brattle Realty Trust
        By its attorneys,

        /s/ Christopher K. Sweeney
        James B. Peloquin (BBO # 544168)
        Christopher K. Sweeney (BBO # 685315)
        Conn Kavanaugh Rosenthal Peisch & Ford, LLP
        One Federal Street, 15th floor
        Boston, MA 02110
        617-482-8200
        jpeloquin@connkavanaugh.com
        csweeney@connkavanaugh.com

Dated: September 18, 2020

2579657.1 01577.000